IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| I.V. | : | CIVIL ACTION |
| Plaintiff, | : | CASE NO: |
| v. | : | |
| ANTHONY MARK BIANCHI, | : | JURY TRIAL REQUESTED |
| Defendant. | : | |

COMPLAINT FOR INTENTIONAL TORT
IN VIOLATION OF THE LAW OF NATIONS

Plaintiff, I.V., sues Defendant ANTHONY MARK BIANCHI and alleges:

1. This action is for damages in excess of $75,000.

2. Title 28 section 1350 of the United States Code grants this Court jurisdiction to adjudicate presented claim.

3. The events giving raise to this cause of action took place from in or about December 2003 and continued at least until October 2005.

4. At all times material to this action, Plaintiff I.V. was a citizen of Republic of Moldova and a child less than sixteen years old. Because the nature of the alleged wrongful act committed by the Defendant involved a sexual offence against a minor child, the reference to Plaintiff by initials is used. The identity of the Plaintiff will be disclosed to Defendant upon this Court's grant of a protective order.

5. At all times material to this action, Defendant was a citizen of the United States, and a resident of New Jersey.

6. From in or about December 2003, until at least October 2005, Defendant agreed with Ion Gusin, a citizen of Republic of Moldova charged and convicted elsewhere, to travel to Moldova, and, while in Moldova, to use Plaintiff I.V. in sexual activities for remuneration, and

other forms of consideration in violation of the "Optional Protocol to the Convention on the Rights of the Child on the Sale of Children, Child Prostitution and Child Pornography" of the United Nations General Assembly Resolution 54/263, and in violation of other norms of customary international law.

7. Defendant used Philadelphia International Airport as a point of departure and arrival to and from his travel abroad in committing the sexual acts against Plaintiff in violation of customary international law.

8. While in Moldova, Defendant used Ion Gusin as his proxy and a translator to persuade I.V. to engage in illicit sex. Defendant traveled to Plaintiff's village to meet males who were minors and engage them in illicit sex. Defendant's *modus operandi* was to induce I.V. into unforced sex through use of gifts and money, or, if resisted, to force I.V. into illicit sex.

9. Defendant took I.V. to pool halls, swimming pools and bowling alleys, and to overnight stay hotels that Defendant booked so that he could engage with I.V. in illicit sexual conduct.

10. Defendant paid United States currency and gifts in exchange for illicit sexual relations with I.V.

11. As a result of Defendant's wrongful conduct Plaintiff I.V. suffered damages.

12. On or about August 3, 2007, the jury in Philadelphia, in the case United States of America v. Anthony Mark Bianchi, criminal case number 06-19, filed in this Court, convicted the instant Defendant in a sex-tourism case based on a host of violations of 18 U.S.C. § 2423 and 18 U.S.C. § 2422, to wit:

    a) conspiracy to travel with the intent to engage in illicit sexual conduct, and conspiracy to engage in illicit sexual conduct in foreign places; and

    b)    traveling in foreign commerce for the purpose of engaging in illicit sexual conduct, from on or about December 2, 2003 through on or about December, 24, 2003, and from on or about January 17, 2004 through on or about February 8, 2004, and from on or about January 17, 2005 through on or about January 31, 2005; and

    c)    engaging in illicit sexual conduct in a foreign place, from on or about December 2, 2003 through on or about December, 24, 2003, and from on or about January 17, 2004 through on or about February 8, 2004, and from on or about January 17, 2005 through on or about January 31, 2005; and

    d)    using a facility in foreign commerce to entice a minor to engage in sexual activity, from on or about March 17, 2005 through on or about July 23, 2005, and from April 17, 2005 through on or about August 9, 2005.

13.    On or about June 2, 2009, for above-mentioned and other violations, Defendant was sentenced to 300 months imprisonment and committed to the custody of the United States Bureau of Prisons.

WHEREFORE, Plaintiff I.V. demands money judgment against Defendant ANTHONY MARK BIANCHI for pain, suffering, degrading treatment, and humiliation; Plaintiff also requests a punitive damages award, including prejudgment interest; Plaintiff further requests an award of reasonable attorney's fees and such other relief this Court deems just.

FROST VAN DEN BOOM & SMITH, P.A.

By: *[signature]*

Sergiu Gherman
Florida Bar No.: 37031
Post Office Box 2188
Bartow, FL 33831-2188
Telephone:  (863) 533-0314
Facsimile:  (863) 533-8985
Attorneys for Plaintiff*
Pro hac vice pending